# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**UNITED STATES OF AMERICA,**
           **Plaintiff,**

-vs-                                                                   **Case No. 8:13-cv-413-T-31DAB**

**MICHAEL L. CONE, JOANNE K. CONE, BANK OF AMERICA, CITY OF TAMPA, THERESA T. HUERTA, DAVID L. SMITH PROFESSIONAL SURVEYORS & MAPPERS, INC., U.S. EQUITY, LLC, CLEARGLASS, LLC, FLORIDA DEPARTMENT OF TRANSPORTATION, YODER & FREY AUCTIONEERS, INC., DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, CONSTRUCTION INDUSTRY LICENSING BOARD, FLORIDA DEPARTMENT OF REVENUE, CLERK OF THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY FLORIDA,**
           **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **THE GOVERNMENT'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. 100)**
>
> **FILED:** August 7, 2013
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The United States of America filed this action to foreclose federal tax liens and criminal restitution judgment liens against two parcels of improved real property owned by Defendants Joanne Cone and Michael Cone. Defendant Michael L. Cone is incarcerated at the Coleman Federal Correctional Institution in Coleman, Florida, within the jurisdiction of this Court. The Government

now seeks default judgments pursuant to Federal Rule of Civil Procedure 55(b)(2) against five Defendants[1] because they have failed to file a responsive pleading or respond to the Government's complaint or amended complaint, as required by the Federal Rules of Civil Procedure.

**I.** *Procedural Background*

On February 13, 2012, the United States filed a Complaint to foreclose federal tax liens securing the unpaid tax liabilities of Michael L. Cone and to foreclose the criminal restitution judgment liens against Michael L. Cone and Joanne K. Cone, also naming several Defendants as parties because each claimed an interest in the two real properties at issue[2], pursuant to 26 U.S.C. § 7403(b). Doc. 1. On March 22, 2013, the Government filed its amended complaint naming additional Defendants who might assert an interest in the properties. Doc. 22.

On July 24, 2013, the Clerk entered defaults against defendants Joanne Cone; U.S. Equity, LLC; Department of Business and Professional Regulation, Construction Industry Licensing Board; David L. Smith Professional Surveyors & Mappers, Inc.; and Yoder and Frey Auctioneers, Inc. Doc. 88, 89, 90, 91, 92. Default judgment against these Defendants pursuant to Rule 55(b) is now appropriate.

**II.** *Applicable Law of Service of Process and Defaults*

The district court may enter a default judgment against a properly served defendant who fails to defend or otherwise properly appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). Before the Court may enter a final default judgment, the clerk must enter a default when the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

---

[1] (1) Joanne Cone; (2) U.S. Equity, LLC; (3) Department of Business and Professional Regulation, Construction Industry Licensing Board; (4) David L. Smith Professional Surveyors & Mappers, Inc.; (5) Yoder and Frey Auctioneers, Inc.

[2] The real property located at 5102 and 5032 Longfellow Avenue, Tampa, Florida.

otherwise." Fed. R. Civ. P. 55(a); *see also Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1134 (11th Cir. 1986) ("Rule 55 applies to parties against who affirmative relief is sought who fail to 'plead or otherwise defend'" (citation omitted)). Notwithstanding the entry of default by the clerk, "a defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore, the court must evaluate whether it is proper to enter a default judgment. "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (citations omitted).

The Court must confirm that the defaulting defendant was properly served under the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 4(e)(2)(B) allows service on an individual by leaving a copy of the summons and complaint at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e)(2)(B). Alternatively, under Rule 4(e), service is accomplished by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made or by delivering a copy to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. Pro. 4 (e).

In this case, each of the Defendants was properly served with process, and returns of service were filed. The Department of Business and Professional Regulation – Construction Industry Licensing Board was personally served with process on February 25, 2013. Doc. 18. Joanne Cone was personally served with process on February 26, 2013. Doc. 13. The registered agent for U.S. Equity, LLC was personally served with process on March 5, 2013. Doc. 17. David L. Smith Professional Surveyors & Mappers, Inc. waived service of process in writing on March 18, 2013. Doc. 20. Yoder & Frey Auctioneers, Inc. waived service of process in writing on March 22, 2013.

-3-

Doc. 36. All of the Defendants were properly served with a summons and the Complaint[3] (or waived service) and their failure to timely respond to the Complaint and subsequent entry of default against them serves to admit the well pleaded allegations of the Complaint. *See, e.g.*, *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir. 1987) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact."). Moreover, none of the Defendants has disputed that the federal tax liens the Government seeks to foreclose are superior to the interest that precipitated their inclusion in the complaint.

### III. *Factual Background*

On the dates indicated in the table below, a delegate of the Secretary of the Treasury assessed against defendant Michael L. Cone for the taxable periods ended March 31, 2000 and June 30, 2000 federal trust fund recovery penalties pursuant to 26 U.S.C. § 6672, plus interest. Doc. 22 ¶ 19.

As of November 30, 2007, Cone owed the following amounts on account of those assessments:

| Type of Tax/Year | Assessment Date | Unpaid balance of Tax assessment as of 11/30/2007 | Interest Assessed through 11/30/2007 | Total |
|---|---|---|---|---|
| Section 6672 for period ending 3/31/2000 | 09/20/2000 | $1,065,103.91 | $821,373.73 | $1,886,477.64 |
| Section 6672 for period ending 6/30/2000 | 06/30/2000 | $38,037.77 | $15,852.73 | $53,890.50 |

Despite notice of the assessments and demand for payment, defendant Michael L. Cone refused to pay

---

[3]The Government subsequently filed an Amended Complaint on March 22, 2013. Personal service is not required of a subsequent complaint if the amended complaint contains no new or additional claims for relief *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of United States and Canada*, 674 F.2d 1365 (11th Cir. 1982).

the full amount of the assessments. Doc. 22 ¶ 20.

In *United States v. Michael L. Cone*, Case No. 8:04-cv-00244 (M.D. Fla. 2008), Judge Pizzo entered judgment on March 10, 2008 against Michael L. Cone in favor of the United States on account of the assessments described above in the amount of $1,940,368.14 as of November 30, 2007, plus statutory interest. Case No. 8:04-cv-00244, Doc. 61, 62. An abstract of judgment was recorded in Hillsborough County Florida on September 4, 2009 at Book 18840, Page 817. Doc. 22 ¶ 21. No payment has been made on the judgment and Michael Cone owes the United States more than $2 million on account of his liabilities for the trust fund recovery penalties described above. Doc. 22 ¶ 21.

Defendants Michael L. Cone and Joanna K. Cone purchased the real property located at 5102 Longfellow Avenue, Tampa, Florida, on April 15, 1992 and the real property located at 5032 Longfellow Avenue, Tampa, Florida, on June 30, 1994 (collectively referred to as "the Longfellow Avenue Properties"). Doc. 22 ¶¶ 23, 24. On October 3, 2000 and October 12, 2000, the United States filed Notices of Federal Tax Lien in Hillsborough County, Florida against defendant Michael L. Cone in the amount of $1,910,563.70 for the 26 U.S.C. § 6672 penalty for the period ending March 21, 2000. The notices of federal tax lien are recorded at Book 10400 Page 0372 and Book10415 Page 0027, respectively. Doc. 22 ¶ 25. On November 6, 2002, the United States filed a Notice of Federal Tax Lien in Hillsborough County, Florida against defendant Michael L. Cone in the amount of $37,989.77 for the 26 U.S.C. § 6672 penalty for the period ending June 30, 2000; the notice of federal tax lien is recorded at Book 11915 Page 1004. Doc. 22 ¶ 26.

On October 17, 2006, Michael L. Cone was indicted in the Middle District of Florida on multiple criminal counts, including conspiracy to defraud the United States and bankruptcy fraud. *See United States v. Michael L. Cone*, Case No. 8:06-cr-43-SCB-MAP-2 (M.D. Fla. 2006). On October 5, 2007, Michael L. Cone entered a plea of guilty to both counts. *Id.*, Doc. 179. On October 9, 2007,

Judge Bucklew accepted Michael L. Cone's plea and entered judgment against him. *Id*., Doc. 184. On May 2, 2008, Michael L. Cone was sentenced to 60 months imprisonment and ordered to pay restitution in the amount of $1,776,248.66, said amount to be paid jointly and severally with his codefendants. *Id*., Doc. 276.

On October 17, 2006, Joanne K. Cone was indicted in the Middle District of Florida on multiple criminal counts, including conspiracy to defraud the United States, a charge to which she pled guilty on October 5, 2007. *United States v. Joanne K. Cone*, Case No. 8:06-cr-43-SCB-MAP-3 (M.D. Fla. 2006). On October 9, 2007, Judge Bucklew accepted Joanne K. Cone's plea and entered judgment against her. *Id*., Doc. 185. On June 20, 2008, Joanne K. Cone was sentenced to 12 months and one day imprisonment and ordered to pay restitution in the amount of $1,776,248.66, said amount to be paid jointly and severally with her co-defendants. *Id*., Doc. 304.

On February 13, 2012, the United States filed suit to recover the unpaid federal criminal restitution judgments against Michael L. Cone and Joanne K. Cone by foreclosure of the federal restitution judgment liens encumbering their interest in the Longfellow Avenue Properties. On September 23, 2008, the United States filed a Notice of Lien Pursuant to the Mandatory Victims' Restitution Act of 1996 in the Hillsborough County real property records at Book 18874, Page1994 and Page 1995, to perfect its restitution liens against Michael L. Cone's and Joanne K. Cone's property in the Longfellow Avenue Properties ("Federal Restitution Lien"). Doc. 22 ¶ 41, 43. To date, Michael L. Cone and Joanne K. Cone have neglected, failed and/or refused to pay the full amount of the criminal restitution debt secured by the Federal Restitution Lien. Doc. 22 ¶ 42, 44. At the time the United States filed its Federal Restitution Liens in the records of Hillsborough County, the Longfellow Avenue Properties were owned jointly by Michael L. Cone and Joanne K. Cone, husband and wife, as tenants by the entireties. Doc. 22 ¶ 45. The Federal Restitution Liens attach to and encumber Michael L. Cones's and Joanne K. Cone's interest in the Longfellow Avenue Properties, and can be foreclosed. Doc. 22 ¶ 46.

**III.** *Relief Sought*

a. *Federal Tax Liens*

The priority of federal tax liens against competing claims is governed by federal law, *Aquilino v. United States*, 363 U.S. 509, 513-14 (1960), and under federal law "first in time is first in right." *United States v. McDermott*, 507 U.S. 447, 5449 (1993); 26 U.S.C. § 6323(a). As set forth in the Amended Complaint, the claims of each of the Defendants against which default judgment is sought, with the exception of Joanne Cone who is joined as a co-owner of the subject real property, arose *after* the first tax lien was filed in 2000; thus, the Government's tax lien is superior. Doc. 22 ¶¶ 30, 37, 36, and 37. With respect to Joanne Cone[4], her one-half interest in the subject real property is fully encumbered by the $1.7 million restitution judgment lien entered against her on June 20, 2008 following her conviction for conspiracy to commit bankruptcy fraud, which lien was recorded in Hillsborough County on September 23, 2008. *United States v. Cone*, Case No. 8:06-CR-43-T-24-MAP (M.D. Fla. 2008); Doc. 22 ¶¶ 39, 43-47.

The tax liens were extended beyond the generally applicable ten year collection statute by virtue of the judgment entered on March 10, 2008 against Michael L. Cone in the amount of $1,940,368.14 plus interest in *United States v. Cone*, 8:04-cv–00244-MAP, an abstract of which was recorded September 4, 2008. *Moyer v. Mathas*, 458 F.2d 431 (5th Cir. 1972); *United States v. Hodges*, 355 F.2d 746 (1966); *Investment and Securities Co. v. United States*, 140 F.2d 894 (1944) The Government is entitled to default judgment against U.S. Equity, LLC; Department of Business and Professional Regulation, Construction Industry Licensing Board; David L. Smith Professional Surveyors & Mappers, Inc.; and Yoder and Frey Auctioneers, Inc., finding the Government's interest is superior to these Defendants' interests..

---

[4]In accordance with Section 521 of the Service Members Civil Relief Act, 50 App. U.S.C. §§ 501-596, the United States has determined that Joanne Cone is not a member of the armed forces or otherwise engaged in active military duty by inputting her name and social security number into the official Servicemembers Civil Relief Action (SCRA) website. Doc. 100, Ex. A.

b. *Tenants by the Entireties interest of Joanne Cone*

As set forth in the Amended Complaint (Doc. 22), the Longfellow Avenue Properties were owned by Joanne and Michael Cone as tenants by the entireties when the Government filed its earliest Notice of Federal Tax Lien against defendant Michael L. Cone in Hillsborough County on October 3, 2000. Doc. 22 ¶¶ 19-26. The federal tax liens arising against Michael Cone as a result of the tax assessments attached to the subject real property despite that it was owned as tenants by the entireties. *United States v. Craft*, 535 U.S. 274, 278 (2002) (holding that husband, as tenant by the entirety under state law, possessed "property" or "rights to property" to which federal tax lien could attach).

The interest of the United States in the Longfellow Avenue Properties is superior to that of defaulted Defendants Joanne Cone; U.S. Equity, LLC; Department of Business and Professional Regulation, Construction Industry Licensing Board; David L. Smith Professional Surveyors & Mappers, Inc.; and Yoder & Frey Auctioneers, Inc. The Government is entitled to default judgment against Joanne Cone.

## CONCLUSION

It is respectfully **RECOMMENDED** that Default Judgment be entered in favor of the United States providing that pursuant to 26 U.S.C. § 7403(c), the United States' interest in the subject real property located at 5102 and 5032 Longfellow Avenue, Tampa Florida 33629 is **superior to the claims and interests** and – upon entry of a decree of sale in this action – shall be sold free and clear of the claims and interests of Defendants Joanne Cone; U.S. Equity, LLC; Department of Business and Professional Regulation, Construction Industry Licensing Board; David L. Smith Professional Surveyors & Mappers, Inc.; and Yoder and Frey Auctioneers, Inc., with the sales proceeds to be ultimately distributed in accordance with the findings of the Court.

Failure to file written objections to the proposed findings and recommendations contained in

this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 4, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy